UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTY MCCLESKEY,

                Plaintiff,

vs.                                       Case No.   2:08-cv-872-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Attorney's Fees and Memorandum on Reasonable Attorneys Fees Pursuant to 42 U.S.C. 406(b) (Doc. #28) filed on February 23, 2011. The Commissioner filed a Response (Doc. #29) and plaintiff filed a Reply (Doc. #32).

**I.**

On June 10, 2009, the Court granted the Commissioner's Motion for Entry of Judgment with Remand and reversed and remanded the Decision of the Commissioner to further develop the record, issue a new decision, review the medical evidence and evaluate severe mental impairments, and conduct a supplemental hearing. Judgment was entered on September 10, 2009. (Doc. #22.) On October 15, 2009, the Court granted plaintiff's Consent Petition for Attorney Fees and awarded counsel attorney fees in the amount of $3,831.28. (Doc. #24.) On October 20, 2009, an Amended Judgment was entered. (Doc. #25.)

**II.**

The Eleventh Circuit Court of Appeals has determined that "42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." <u>Bergen v. Comm'r of Soc. Sec.</u>, 454 F.3d 1273, 1277 (11th Cir. 2006). Contingency agreements are acceptable and plaintiff is permitted to return to the Court and seek fees not exceeding 25 percent of past-due benefits awarded. 42 U.S.C. § 406(a)(2); <u>Watford v. Heckler</u>, 765 F.2d 1562 (11th Cir. 1985)[1]. Rather than the lodestar method, the Court first looks to the contingency agreement for reasonableness, and then further considers factors for reduction:

> If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. [ ] If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. [ ] In this regard, the court may require the claimant's

---

[1]The purposes behind Section 406(b) are:

(1) to limit the size of contingency fees payable by the client, Congress believing that contingent fee arrangements in Social Security cases often resulted in an inordinate deprivation of benefits otherwise payable to the client, and (2) to ensure that attorneys would receive some fees for their representation.

<u>Watford v. Heckler</u>, 765 F.2d 1562, 1566 (11th Cir. 1985)(citing S. Rep. No. 89-404, 111 (1965), reprinted in 1965 U.S.C.C.A.N. 1943, 2062). <u>See, e.g.</u>, 28 U.S.C. § 2678 (limiting attorney's fees under the Federal Tort Claims Act to a certain percentage).

> attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). See also Thomas v. Astrue, 359 F. App'x 968 (11th Cir. 2010). The fees must also be offset against a previous award. Jackson v. Commissioner, 601 F.3d 1268 (11th Cir. 2010). A deduction should be made if the award of benefits is so high as to cause the fee to constitute a "windfall." Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989).

### III.

As a preliminary matter, the Court would note that the Commissioner concedes that counsel is entitled to an award of fees, no argument has been presented of an unreasonable delay, counsel's practice is almost exclusively centered on disability cases, and the hours expended and briefing were undisputedly reasonable. (Doc. #19; Doc. #28, p. 4.) Counsel entered into a Federal Court 406(b) Fee and Cost Agreement (Doc. #28-1) with her client, the plaintiff in this case, to receive 25% of retroactive benefits. Counsel expended just over 16 hours on the briefing alone, which resulted in the Commissioner seeking a remand, and spent an additional 5.3 hours on judicial proceedings. (Doc. 28-2.) The Notice of Award (Doc. #28-3) provides that $25,964.35 was being withheld by the Social Security Administration for attorney's fees, subject to approval by the court. The Commissioner opposes the

amount of the request as unreasonable and a windfall. The Commissioner argues that the amount would be equal to awarding $1,202.05 an hour for the 21.6 hours expended on the case.

There is no established binding precedent addressing how the courts should determine the reasonableness of the fees under 406(b) and Gisbrecht. Some courts have followed the formula created by the Central District of California, which applied a 2.5 times the normal hourly rate contingency multiplier after surveying case law across the nation even while acknowledging the "regrettable imprecision of its analysis." Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006). If applied to this case, counsel's rate was $172.85 an hour in 2008 and $170.77 an hour in 2009. Applying the multiplier to $3,694.66[2], under Ellick, counsel would only receive $9,236.65. The Commissioner suggests applying the rate of $250.00 an hour for a total of $13,500.00.[3] In the alternative, the Court could honor the agreement entered into by

---

[2]Counsel spent 16.3 hours on briefing in 2009 for a total of $2,783.55. As to judicial proceeding time, counsel spent 2.9 hours on the case in 2008 for a total of $501.26, and 2.4 hours on the case in 2009 for a total of $409.85 (the itemization adds up to 5.1, however, the Court will use counsel's 5.3 total to simplify matters). This does not account for hours spent outside of judicial proceedings.

[3]The hourly rate of $250.00 was applied by Magistrate Judge Thomas E. Morris in Rainey v. Astrue, 3:08-cv-728-J-TEM, 2010 WL 2293397 (M.D. Fla. June 8, 2010) and Goulet v. Astrue, 3:06-cv-975-J-TEM, 2010 WL 2731666 (M.D. Fla. July 9, 2010).

counsel and plaintiff, and award the agreed upon amount. See, e.g., Blizzard v. Astrue, 496 F. Supp. 2d 320 (S.D.N.Y. 2007).

"The private market commonly compensates for contingency through arrangements in which the attorney receives a percentage of the damages awarded to the plaintiff." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 731 (1987)(O'Connor, J., concurring). The Court recognizes that it can be difficult for plaintiffs with limited financial resources to find lawyers willing to undertake a case on a contingency basis and bear the risks of not succeeding, or having to deal with the "interminable hassling over attorneys' fees" after prevailing. Gray v. Bostic, 625 F.3d 692, 713 & n.13 (11th Cir. 2010)(awarding fees and costs even though plaintiff only received $1.00 in nominal damages). In fact, Congress enacted Section 1988[4] to encourage lawyers to accept civil rights cases without advance compensation. Id. at 710. In social security cases, "statistically, roughly fifty percent will lose at the district court level. Mentzell v. Astrue, 623 F. Supp. 2d 1337, 1340-41 (M.D. Fla. 2008). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually

---

[4] 42 U.S.C. § 1988.

negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990); In re Abrams & Abrams, P.A., 605 F.3d 238, 245 (4th Cir. 2010). The agreed-upon 25% is presumptively reasonable amount under both Section 406(b) and the Rules Regulating The Florida Bar.[5]

The enhancement of fees based on the contingency of the outcome is not permitted when applying a fee-shifting or lodestar analysis. City of Burlington v. Dague, 505 U.S. 557, 567 (1992). The same rational has been applied to prohibit the reduction of fees based on the contingency nature of the case. Guarnieri v. Borough, 364 F. App'x 749, 756 n.8 (3d Cir. 2010). But see Jeter v. Astrue, 622 F.3d 371, 381 (5th Cir. 2010)(suggesting that the lodestar method could be used to determine reasonableness but alone cannot constitute the basis for an unreasonable finding). Gisbrecht clearly rejected applying the lodestar methodology to Section 406(b) and contingency agreements are statutorily permitted. In compliance with Gisbrecht, the Court finds that the agreement for 25% is reasonable. The Court further finds that counsel achieved a considerable level of success based on her concise and on-point briefing. The Court finds that counsel conducted herself efficiently and without delay. Although a mere 21.6 hours would not normally garner such a large fee, counsel's

---

[5] R. Regulating Fla. Bar 4-1.5(f)(4)(B)(i).

time was not limited to court time, her normal hourly rate is considerably lower than the prevailing market rate in Fort Myers, Florida, and counsel assumed the risk of loss and no payment. The Court will permit the fees pursuant to the Agreement. See <u>McKee v. Comm'r of Soc. Sec.</u>, 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, 2008 U.S. Dist. LEXIS 86793, at *11-12 (M.D. Fla. Sept. 30, 2008); <u>Yarnevic v. Apfel</u>, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Attorney's Fees and Memorandum on Reasonable Attorneys Fees Pursuant to 42 U.S.C. 406(b) (Doc. #28) is **GRANTED** and the Clerk shall enter a Supplemental Judgment awarding attorney's fees to counsel in the amount of **$22,133.07** pursuant to 42 U.S.C. § 406(b), with all other aspects of the prior Judgments to remain as previously entered.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of June, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record